UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA ELENA HERNANDEZ- MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| CHIPOTLE MEXICAN GRILL, INC. | ) | Case No. 11 C 4990 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

On March 8, 2013 this court entered judgment in favor of Chipotle after the conclusion of a trial where the jury found for Chipotle on all counts. Chipotle has now submitted a Bill of Costs representing that its total costs exceeded $35,000 and requesting costs totaling $19,053.56. Plaintiff Maria Elena Hernandez-Martinez contests most of the costs as unnecessary and requests that the court exercise its discretion under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d) to deny all costs. The court determines that Chipotle has incurred $11,879.42 in allowable costs. Because Hernandez-Martinez is indigent, the court exercises its discretion to deny all costs, except a nominal cost of $1000.

### I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." In analyzing a bill of costs, there "is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The court's inquiry asks "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). A court may "consider[] indigence when assigning costs to a losing party." *Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006).

## II. ANALYSIS

### A. Requested Costs

With respect to fees, the total $19,053.56 request is made up of: *pro hac vice* fees totaling $200; fees for locating and effecting service on Joe Brown totaling $1,141.65; transcripts totaling $13,356.65; witness fees and travel expenses for depositions and trial totaling $191.16; copying and printing fees totaling $1,253.10; the use of the ELMO system to enlarge exhibits at trial for $2,000; interpreter's fees at both trial and deposition of the plaintiff of $911. The court finds $11,879.42 reasonably necessary: *pro hac vice* fees totaling $100; fees for locating and effecting service on Brown totaling $372.50; transcripts totaling $8,305.25; witness fees and travel expenses for trial and depositions totaling $186.67; copying and printing fees totaling $4; the use of the ELMO system to enlarge exhibits at trial for $2,000; interpreter's fees at both trial and deposition of the plaintiff for $911.

2

1. *Pro Hac Vice Fee*

Chipotle's counsel Messner & Reeves had four attorneys pay to be admitted *pro hac vice*. Hernandez-Martinez challenges this as unnecessary and excessive. Hernandez-Martinez does not challenge the fee with respect to Tanya Milligan, who was the lead trial attorney. Instead, she appears to be challenging that there were three additional attorneys not based in Chicago. Chipotle argues that Messner & Reeves has served as its counsel since the company was in its infancy. While using Colorado-based counsel cost a small amount more in clerk's fees, it saved a great deal of time and effort since the firm was familiar with Chipotle's policies. Chipotle was entitled to choose an out-of-state firm.

However, the court agrees with Hernandez-Martinez's claim that Chipotle's use of four attorneys was excessive. First, Chipotle replies that Scott Rendleman was lead attorney until he left the firm, but the record does not support this contention. Rendleman's name did not appear on the motions for summary judgment or to strike Plaintiff's response to that motion, which were filed before he withdrew, and his name appears only with those of other attorneys (including local counsel and Milligan) in the answer. Chipotle has not documented that his admission was reasonable. Similarly, the appearance of Danielle Felder was unreasonable because she was not involved in the litigation of the case before this court. Chipotle acknowledges that she only took depositions. An attorney need not file an appearance in order to take a deposition. *See* L.R. 83.12. As to Milligan and Guesno, the admission of two attorneys to bring this case to trial is reasonable. Chipotle has established $100 in *pro hac vice* costs.

2. Fees for Investigation and Service

Chipotle submits bills for $446.98, $635.67, and $59 for locating and serving witness Brown, a former employee of Chipotle whose actions were at the center of the case. While

3

Chipotle refers to this as service of process or service of summons, the fees are primarily for investigating his whereabouts. Chipotle offers no case law suggesting such a cost is allowable under § 1920. The court will not allow the investigative expenses, but will allow the cost of service.

The documentation provided by Chipotle indicates its investigator spent 4.5 hours to effect service of Brown's deposition subpoena, drove 63 miles to do so, and paid $2.90 in tolls. Fees for service of process are recoverable under 28 U.S.C. § 1920(1), but may not exceed the U.S. Marshal's rate at the time process was served. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Currently the fee for personal service by a U.S. Marshal's Service employee is $55 per hour or portion thereof, plus travel costs and other out-of-pocket expenses. 28 CFR § 0.114(a)(3). Mileage is reimbursed at a rate of $0.565 per mile. *See* 5 U.S.C. § 5704; 41 C.F.R. § 301–10.303; http://www.gsa.gov/mileage. Therefore, Chipotle has demonstrated it is entitled to recover $313.50 ($55 per hour x 5 hours + 63 miles x $.565 per mile + $2.90) to serve Brown with his deposition subpoena. Chipotle also submits a $59 receipt for Brown's trial subpoena. This is also allowable. The remaining requested fees for service of summons and subpoena are denied.

3. Transcripts

The cost of a transcript is recoverable if it is "reasonably necessary to the case at the time it was taken." *Warfield v. City of Chi.*, 733 F. Supp. 2d 950, 956 (N.D. Ill. 2010). The court agrees that all nine depositions – which were of the plaintiff's co-workers and Chipotle's management – were reasonably necessary to the litigation at the time they were taken.

The Local Rules of the Northern District of Illinois provide that the cost of transcripts may not exceed the rate established by the Judicial Conference of the United States that was in

effect at the time the transcript "was filed." L.R. 54.1(b). During all relevant times, the maximum reimbursement rate for an ordinary transcript was $3.65 per page. *See* http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Court reporter appearance fees are allowable in excess of the maximum per page amount. *See Cengr v. Fusibond Pining Sys., Inc.*, 135 F.3d 445, 457 (7th Cir. 1998).

The requested deposition transcript costs total $4.782.10, including nine depositions with the following costs:

- Dalia Hernandez: $340 for the court reporter appearance fee, $520.95 for the transcript (151 pages at $3.45 per page), $7.50 for delivery, and $4.20 for scanning.

- Edith Arroyo: $855.60 (248 pages at $3.45 per page), $33.25 for scanning.

- Joe Brown: $160 for the court reporter appearance fee, $621 for the transcript (180 pages at $3.45 per page), $7.50 for delivery, and $32.90 for scanning.

- The plaintiff: $320 for the court reporter appearance fee, $928.05 for the transcript (269 pages at $3.45 per page)

- Transcript of Humberto Pacheco: $176.25 (75 pages at $2.35 per page).

- Transcript of Flora Diaz: $126.90 (54 pages at $2.35 per page).

- Transcript of Maria Reyes: $124.55 (53 pages at $2.35 per page)

- Transcript of Susana Zavala Gaona: $218.55 (93 pages at $2.35 per page).

- Transcript of Esther Smiley: $293.80 for the transcript (113 pages at $2.60 per page), and $33.60 for scanning exhibits.

Though the transcript and appearance fees are allowable costs, the court will not allow certain costs which, though billed by the court reporters, were not a part of their fee. Delivery fees, second copies, electronic versions of the transcript, and so forth are not allowable because

they are regarded as a convenience or an ordinary business expense for the lawyer. *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003). The court concludes that delivery of transcripts and scanning of deposition exhibits fall into the category of convenience, rather than reasonable necessity. Therefore the court reduces the requested transcript fees by $118.95, leaving an allowable cost for deposition transcripts of $4,663.15.

Chipotle requests $8,574.55 for various copies of transcript of the trial, specifically 181 expedited pages (at $4.85 per page), 1084 daily pages (at $6.05 per page), and a first copy of the whole transcript (at $.90 per page). Hernandez-Martinez challenges the trial transcript as unnecessarily expensive. The Seventh Circuit has allowed the costs of daily transcripts where "the trial was lengthy and complex." *Majeske v. City of Chi.*, 218 F. 3d 816, 825 n.3 (7th Cir. 2000). Otherwise, "[c]osts for 'daily' transcripts generally are not reasonably necessary, and thus may not be recovered[.]" *Rawal v. United Air Lines, Inc.*, No. 07 C 5561, 2012 WL 581146, at *2 (N.D. Ill. Feb. 22, 2012).

In this case, the trial transcript of the plaintiff's case-in-chief, because of the importance of details of the actual testimony, was critical for Chipotle's motion for the court to direct verdict at the close of the plaintiff's case. Daily transcripts were therefore necessary until the beginning of the defense case on page 602, for a total of $3,642.10. However, the court sees no need for the transcript after that time, much less the expensive daily and expedited transcripts. Counsel could have relied on notes or memory; the daily transcript was a matter of attorney convenience. *See Lewis v. City of Chi.*, No. 04 C 6050, 2012 WL 6720411, at *8 (N.D. Ill. Dec. 21, 2012). Chipotle neither filed any post-trial motions, nor responded to any, which would have justified ordering the transcript. *Cf. Majeske*, 218 F.3d at 825 (the prevailing party could recover transcripts of a lengthy and complex trial where they were attached to post-trial pleadings).

Accordingly, the Court declines to award Chipotle the costs of the daily trial transcript after page 602 of the transcript and the court declines to award fees for a copy of the transcript since a transcript was not reasonably necessary.

### 4. Witness Fees

Chipotle has requested a witness fee for the deposition and trial testimony of Brown and witness fees for the depositions of Dalia Hernandez and Edith Arroyo. All of these witnesses were reasonably necessary. Pursuant to 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40.00 per day. Compensation for mileage traveled is made on the basis of a rate established by the Administrator of General Services, as discussed above. *Id*.

Chipotle has requested $191.16 in witness fees. Chipotle requests $37.40 in mileage to Brown for his deposition, for which he had to travel 87.12 miles to local counsel's office. This cost will not be allowed. Chipotle also requests $93.76 for Brown's trial witness fee. From the address at which he was served, the trip to this court would have been 43.6 miles, justifying $49.27 in mileage (43.6 miles x 2 ways x $.565 per mile), plus a $40 witness fee. The court will allow $89.27 for Brown's witness fee for trial. Chipotle also requests $30 each for witness fees for the depositions of Edith Arroyo and Dalia Hernandez; these will be allowed. Chipotle has established witness fees totaling $186.67.

### 5. Copying and Printing Fees

Chipotle requests $1,253.10 in copying and printing costs. Reasonably necessary printing and copies may be taxed under § 1920(4). Courts in this district have generally held that 10 to 20 cents per page is a reasonable cost for black and white copies. *Kaplan v. City of Chi.*, No. 05 C 2001, 2009 WL 1940789 (N.D. Ill. July 6, 2009) (collecting cases). "The burden is on the party seeking reimbursement for photocopying costs to show that the photocopied items were

7

necessary; if that party fails to meet the burden, the court should not award costs for those items." *Ochana v. Flores*, 206 F. Supp. 2d 941, 946 (N.D. Ill. 2002).

Chipotle's minimal documentation includes three receipts for printing and copying. First is a receipt for 20 pages of the plaintiff's medical records, billed at 96 cents per page plus various other fees. The court will allow $4 (20 pages x 20 cents per page). Next is 37 pages printed at the JW Marriott Chicago Business Center. Because this receipt includes no information about what was printed or why, the cost will not be allowed. The same goes for the $708.50 bill for 4,730 black and white copies. Chipotle is awarded $4 in allowable copying costs.

### 6. ELMO Screen Projection

Chipotle requests $2,000 for use of the ELMO projection system. ELMO enlargement technology is reimbursable when it is reasonably necessary to the presentation of the evidence. *Burden v. CSX Transp., Inc.*, 08-CV-04-DRH, 2011 WL 3793664 (S.D. Ill. Aug. 24, 2011). Hernandez-Martinez objects to the expense as unnecessary, but given the detailed documents which were reviewed with witnesses and shown on the projection system for jurors to follow, this cost was reasonable.

### 7. Interpreter/Translator Fees

Because the plaintiff's testimony was in Spanish, Chipotle requests $911 for the cost of an interpreter at the deposition and trial. Hernandez-Martinez's only objection to that charge is that she has interpreter bills of her own that she is unable to pay. Chipotle has established that this cost is allowable.

**B. Indigency**

Hernandez-Martinez argues that the court should deny all costs because she indigent and incapable of paying the costs now and for the foreseeable future. Chipotle replies that

Hernandez-Martinez has not adequately demonstrated her indigence and, even if she has, the court should still award costs at its discretion. Hernandez-Martinez has adequately demonstrated that she will be unable to pay $11,879.42 now or in the future, but the court concludes she should make some contribution to the costs she has forced Chipotle to bear.

Rule 54(d) creates a "strong presumption favoring the award of costs to the prevailing party." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Nonetheless, a court may consider a plaintiff's indigency and exercise its discretion to deny costs. *Rivera*, 469 F.3d at 634. In determining whether to deny costs because of a party's indigency, the district court must take two steps.

First, a district court must find that the losing party is "incapable of paying the court-imposed costs at this time or in the future." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). The party must supply adequate documentation of income, assets, and expenses. Hernandez-Martinez attests that she has a mortgage, medical bills, and other outstanding debt of $68,086.30, expenses of $12,227.91 annually, and approximately $2,000 in assets. Hernandez-Martinez has a broken arm (as she did at the trial), and is unable to work or look for work until she is cleared by a doctor. She has been unemployed for two years; though she has applied for numerous jobs in the fast-food and retail industries, she has not found a job. Based on her limited education and English abilities, and her job experience being largely confined to the fast-food industry, she is not likely qualified for other jobs. Hernandez-Martinez's sons are helping her financially. Hernandez-Martinez's counsel, Danielle Achenkour, attest that counsel has advanced certain costs of the litigation for the plaintiff, and that these and other costs of the litigation (including printing, interpretation, transcription, and parking) remain unpaid by plaintiff. Chipotle replies that Hernandez-Martinez has not adequately demonstrated her inability to pay in the future,

because she may well find a job in the future, she has some minimal assets, and (Chipotle claims inaccurately) she is current on all bills. The court is satisfied that Hernandez-Martinez cannot pay the amount of costs assessed now, and she will be unlikely to be able to do so in the future.

"[I]ndigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. "[T]he power to award costs is still a discretionary function of this Court and the Court may impose costs against an unsuccessful litigant if the Court finds that the litigant has not convinced the Court that she will never be able to pay the order imposing costs." *McGill*, 18 F.3d at 456. In exercising its discretion, "the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Rivera*, 469 F.3d at 635.

Chipotle argues that Hernandez-Martinez did not negotiate in good faith and that the case was not close. Hernandez-Martinez's apparent theory, that she could call numerous witnesses who would deny her contentions in the hope that the jury would disbelieve them, was not a viable strategy, as the court warned her in advance. The proof offered at trial was weak and the harms demonstrated were small. Given the proof Hernandez-Martinez offered, this case should not have been brought to trial. Hernandez-Martinez made exorbitant demands in view of Judge Lindberg's prior ruling and rulings of this court, which prevented settlement. Having forced a full litigation of the merits of her claim, she must shoulder some of the burden she put on defendant. "Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them – not just a morally or economically better claim, but under Rule 54(d) a legally better claim. . . . Straitened circumstances do not justify filing weak suits and then demanding that someone else pay the bill." *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 734 (7th Cir. 1999).

## III. CONCLUSION

Hernandez-Martinez bears substantial responsibility for the costs Chipotle has borne in this suit. The court concludes that $1000 is a fair contribution to those costs, given her financial circumstances.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 30, 2013